UNITED STATES BANKRUPTCY COURT

DISTRICT OF MASSACHUSETTS

EASTERN DIVISION

| | |
|---|---|
| In re<br><br>DAMIEN ANKETELL,<br><br>        Debtor<br><br>LYNNE RILEY, as she is Chapter 7 Trustee,<br><br>        Plaintiff<br><br>v.<br><br>LORI ANKETELL,<br><br>        Defendant | Chapter 7<br>Case No. 15-11362-FJB<br><br><br><br><br>Adversary Proceeding<br>No. 17-1130 |

**MEMORANDUM OF DECISION ON**
**TRUSTEE'S MOTION FOR SUMMARY JUDGMENT**

I.  INTRODUCTION

By her complaint in this adversary proceeding, Lynne Riley ("the Trustee"), as she is trustee in chapter 7 bankruptcy case of debtor Damian Anketell ("the Debtor"), seeks authority under 11 U.S.C. § 363(h) to sell, with the estate's interest in certain real property, the interest of co-owner Lori Anketell ("Lori") in the same property. The matter is before the Court on the Trustee's motion for summary judgment. For the reasons set forth below, the Court will grant the motion.

II.  JURISDICTION

This matter arises in a bankruptcy case and under the Bankruptcy Code and therefore falls within the jurisdiction given the district court in 28 U.S.C. § 1334(b). By the District Court's standing order of reference, *see* L.R. 201 (D.Mass.), the matter is referred to the bankruptcy court pursuant to 28

U.S.C. § 157(a). The matter is a core proceeding under 28 U.S.C. § 157(b)(2)(N) and (O). Accordingly, this Court has authority to enter final judgment in the adversary proceeding. 28 U.S.C. § 157(b)(1).

### III. PROCEDURAL HISTORY

The Debtor filed this Chapter 7 case on April 8, 2015, whereupon Lynne Riley was appointed trustee in the case. At the time of his filing, the Debtor owned a one-half interest in real property located in Conway, South Carolina (the "Property"). On the schedule of real property that he filed in the case, the Debtor described the Property as "Raw Land" and valued it at $37,000. On his schedule of exemptions, the Debtor claimed an exemption in the Property to the extent of $900 of its value. Lori, the Debtor's wife, owns the other one-half interest. To be clear, Lori is not also a debtor in this case.

On October 16, 2017, the Trustee filed the Complaint herein, seeking an order under 11 U.S.C. § 363(h) authorizing her to sell, with the estate's interest in the Property, the interest of Lori in the Property. After Lori filed her Answer, the Trustee moved for judgment on the pleadings. The Court denied the motion because Lori had denied the Trustee's allegations with respect to an essential element of the Trustee's claim.

The Trustee has now moved for summary judgment and, in support of her motion, has submitted a memorandum of law which contains a statement of undisputed material facts, a copy of the deed for the Property, an Affidavit from the Trustee, and the Defendant's Answers to Trustee's First Set of Interrogatories (the "Answers to Interrogatories"). Lori opposes the motion, relying solely on her Answers to Interrogatories. Lori did not, as required by the Local Rule, submit a statement of the material facts of record as to which she contends that there exists a genuine issue to be tried; therefore, the material facts set forth in the Trustee's statement will be deemed, for the purposes of the motion, to be admitted by Lori. See MLBR 7056-1, incorporating LR 56.1 (D. Mass.).

IV.  **THE UNDISPUTED FACTS**

The following facts are, as noted above, uncontested pursuant to Fed. R. Civ. P. 56, made applicable by Fed. R. Bankr. P. 56, and LR 56.1 (D. Mass.), made applicable MLBR 7056-1. Additional facts are stated below as they relate to the legal analysis.

On January 22, 2007, the Debtor and his wife, Lori, purchased the Property for $64,000. The deed to the Property places title in the Debtor and Lori "as joint tenants with right-of-survivorship." The Property is vacant, undeveloped land. The Trustee has retained a broker and received an offer to purchase the Property for $15,000.00 and a counteroffer in the amount of $16,500.00. The Trustee anticipates that the sale of the Property for $16,500.00 will result in net proceeds of $12,998.00, after payment of the broker's commission and real estate taxes. The net proceeds will be distributed as follows: $5,599.00 to the Estate, $6,499.00 to Lori, and $900.00 to the Debtor by virtue of his exemption. The Estate's portion of the proceeds will enable the Estate to pay administrative expenses totaling $4,129.90, including trustee's attorney's fees of $2,470.00 and an adversary proceeding filing fee of $350, and priority claims totaling $1,467.66.

One additional relevant fact is that when asked by the Trustee to "Describe any detriment that you allege you will suffer from the Trustee's proposed sale of the Property," Lori responded "[a]t least $42,000 loss of the investment value of the property."

V.  **SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate when there is no genuine issue of material fact and, on the uncontroverted facts, the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Desmond v. Varrasso (In re Varrasso)*, 37 F.3d 760, 763 (1st Cir. 1994). Where, as here, the burden of proof at trial would fall on the party seeking summary judgment, the party must support its motion with evidence—in the form of affidavits, admissions, depositions, answers to interrogatories, and the like—as to each essential element of its cause of action. The evidence must be such as would permit the movant

3

at trial to withstand a motion for directed verdict under Fed. R. Civ. P. 50(a), *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986), or, in the current rules, a motion for judgment as a matter of law Fed. R. Civ. P. 50(a).

To oppose a properly-supported motion for summary judgment successfully, the opposing party must produce "specific facts, in suitable evidentiary form, to . . . establish the presence of a trial worthy issue." *Triangle Trading Co., Inc. v. Robroy Indus., Inc.*, 200 F.3d 1, 2 (1st Cir. 1999) (quoting *Morris v. Government Dev't Bank of Puerto Rico*, 27 F.3d 746, 748 (1st Cir. 1994)). "[C]onclusory allegations, improbable inferences, and unsupported speculation" are insufficient to establish a genuine dispute of fact. *Medina-Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990). The Court must view all evidence in the light most favorable to the nonmoving party and indulge all inferences favorable to that party. *Daury v. Smith*, 842 F.2d 9, 11 (1st Cir. 1988).

## VI.    ANALYSIS

Subsection 363(h) states:

> the trustee may sell both the estate's interest . . . and the interest of any co-owner in property in which the debtor had, at the time of commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if
>
> 1) partition in kind of such property among the estate and such co-owners is impracticable;
>
> 2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;
>
> 3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and
>
> 4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

11 U.S.C. § 363(h). In this case, Lori concedes that the requirements in § 363(h)(1), (2), and (4) are satisfied.[1] Only the satisfaction of subsection (h)(3) is in dispute.

The application of § 363(h)(3) involves a shifting burden. Although the trustee bears the ultimate burden of proof on this requirement, the trustee's initial burden is to show that the sale of the property free of the defendant's interest would produce a benefit to the estate: that the estate's share of the net proceeds would exceed existing liens on the debtor's interest in the property. *Gray v. Burke (In re Coletta Bros. of N. Quincy, Inc.)*, 172 B.R. 159, 165 (Bankr. D. Mass. 1994). Once the trustee demonstrates a benefit to the estate, the burden shifts to the defendant to show that the sale would produce a detriment to her. *Id.* If the defendant shows a detriment, the burden shifts back to the trustee, who must show that the benefit outweighs the detriment. *Id.*

Courts have defined "detriment" as economic hardship as well as any non-economic loss, harm, injury, or prejudice resulting from involuntary displacement. *See Community Nat'l Bank and Trust Co. of New York v. Persky (In re Persky)*, 893 F.2d 15, 20-21 (2d Cir. 1989); *Armstrong v. Trout (In re Trout)*, 146 B.R. 823, 829 (Bankr. D.N.D. 1992). A court's decision to allow a § 363(h) sale is an equitable judgment that is discretionary and fact driven. *Messer v. Wei Chu (In re Gao)*, 560 B.R. 50, 67 (Bankr. E.D.N.Y. 2016).

Here, the Trustee has met her initial burden of showing the sale would produce a benefit to the Estate. The Property is not encumbered and the Estate would receive fifty percent of the net sale proceeds, approximately $5,599.

Under the applicable analysis, the burden shifts to Lori, who must show she will suffer a detriment if the Property is sold. As noted, the detriment could be economic or non-economic. Lori has articulated no non-economic detriment. She does not purport to reside at the Property, which is raw

---

[1] At the hearings on the motions for judgment on the pleadings and summary judgment, Lori conceded that the first, second, and fourth elements are satisfied.

5

land.  Nor has she adduced evidence from which a trier of fact could find that she has plans to construct a residence on the Property or that the Property has anything but investment value to her.

Lori relies exclusively on an alleged economic detriment.  She claims that she will suffer a detriment of "*[a]t least* a $42,000 loss of the investment value of the property" (italics added) if the Property is sold.  To support this claim, she relies solely on her Answers to Interrogatories, which are cryptic and not helpful.  She fails to quantify her alleged loss with precision, and she provides no methodology for its calculation, no explanation as to how she arrived at the figure of $42,000.

Nonetheless, from the Trustee's own evidence, a finder of fact could determine that the property was purchased by Lori and the Debtor for $64,000; that their interests are each half interests; there being no evidence that this ever changed, that her interest was one-half at the outset; and that the Property would be sold for $16,500. This would permit a finder of fact to conclude that the investment as a whole would result in a loss of $47,500, and half would inure to Lori's share, or $23,750. Still it does not follow that the sale itself will result in a loss.  Lori does not contend that the sale price does not reflect the fair market value of the property.  Her loss has already occurred.  What the sale would deprive her of is only the possibility that the Property, if held further, might yet appreciate to the point that a sale would permit her to break even or turn a profit.  I need not determine whether this, if proven, would constitute a detriment to the co-owner within the meaning of subsection (h)(3) because Lori has adduced no evidence that this is in prospect.

Lori's argument suffers from an additional, more fundamental, deficiency. Lori has not demonstrated how the loss of an eleven-year-old investment would cause her economic *hardship*. Not every economic loss causes hardship. This is not a situation where Lori would be displaced or suffer a loss of income; Lori does not currently have a possessory interest in the Property, and she does not contend that she relies on it for income.  Lori has offered no evidence of what, but for this sale, she would do with the Property, of the difference it would make in her life.  She has adduced no evidence of

6

development plans, or prospects for leasing it out, or a foreseeable increase in value. More to the point, she has offered no evidence (or even allegations of fact) that the economic difference that would be made by a sale at this juncture would result in hardship (or more hardship) to her. Moreover, Lori ignores that she will benefit from the sale, which was generated by a broker after a marketing effort and reflects the fair value of the Property, because she will receive approximately $6,499.00.[2]

Finally, in her opposition, Lori also argues that the benefit to the Estate will be less than $5,599.00. Lori would exclude from benefit to the estate any portion of the recovery that would be paid to administrative expenses, especially the Trustee's attorney's fees and court filing costs. Lori's analysis is misguided because, but for the Trustee's attorneys and this adversary proceeding, the Estate would be administratively insolvent, and the Debtor's creditors would receive nothing. All monies received by the estate are a benefit the estate.

Based on the undisputed material facts and for the foregoing reasons, the Court concludes that Lori has not submitted evidence on the basis of which a trier of fact could find that she had sustained her burden under § 363(h)(3) of adducing evidence that the sale would produce a detriment to her. For the foregoing reasons, the Court finds that there are no genuine issues of material fact and that the Trustee is entitled to judgment under § 363(h) as a matter of law. The Court will enter judgment authorizing the Trustee to sell Lori's interest in the Property with the Estate's.[3]

Date: September 28, 2018

_____
Frank J. Bailey
United States Bankruptcy Judge

---

[2] If Lori wants to wait out the real estate market in the hope of recovering more money, she can exercise her right of first refusal under 11 U.S.C. § 363(i).

[3] In the main case, at the Trustee's request, the Court continued the hearing on the Trustee's motion to sell. Upon the filing of a request by the Trustee in the main case, the Court will reschedule the sale motion for hearing.